[Cite as *State v. Petromilli*, 2017-Ohio-1510.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-042** |
| DECIO R. PETROMILLI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 001067.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Matthew C. Bangerter,* P.O. Box 148, Mentor, OH 44061 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Decio R. Petromilli, appeals from the judgment of conviction entered by the Lake County Court of Common Pleas, after a trial by jury. At issue is whether his convictions on four counts of receiving stolen property and four counts of forgery are based upon sufficient, credible evidence. For the reasons discussed below, we affirm.

{¶2} Arnaldo Rodriguez and his uncle, Isauro, own nine rental properties. Mr. Rodriguez, who goes by the name "Arnie," manages the properties and occasionally employs people to help maintain them. In the fall of 2015, Arnie met appellant through one of his renters. Arnie verbally agreed to pay appellant for some painting and cleaning work on various properties. Appellant completed the work and was paid in cash.

{¶3} In November 2015, Arnie noticed the business checkbook was missing a check. He went to PNC Bank where the banker provided Arnie with an electronic copy of the missing check. The check was made out to appellant. The banker found two additional checks made out to appellant with Arnie's purported signature. Arnie maintained the handwriting and signatures on the checks was not his.

{¶4} Later, after reviewing his personal-checking-account statement, Arnie noticed a fourth check was missing. He went to First Merit bank and discovered the check was again made out to appellant and included Arnie's purported signature. Like the others, Arnie denied both issuing and signing this check.

{¶5} Arnie recalled that while appellant was working, he did not have a vehicle. Arnie accordingly would, from time to time, drive appellant to the properties where he was working. Arnie kept both checkbooks in his pickup truck, which he left unlocked. And, according to Arnie, appellant had access to the truck while the men were at properties working together.

{¶6} Arnie reported the missing checks to the Lake County Sheriff's Office. After submitting the original checks to the Lake County Crime Laboratory, appellant's fingerprints were found on each check. Appellant did not dispute cashing the checks,

2

but maintained that Arnie gave him the checks for additional work he completed and gave him permission to cash them. Arnie maintained he never issued the checks and paid appellant strictly in cash.

{¶7} Appellant was ultimately indicted on four counts of receiving stolen property, fifth-degree felonies, in violation of R.C. 2913.51(A); and four counts of forgery, fifth-degree felonies, in violation of R.C. 2913.31(A)(1). After a jury trial, appellant was found guilty on all counts. The court merged each count of receiving stolen property into count one and each count of forgery into count five. Appellant was ultimately sentenced to 12-months imprisonment on each merged count, and ordered the terms to be served consecutively to each other. This appeal follows.

{¶8} Appellant assigns the following as error:

{¶9} "[1.] The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.

{¶10} "[2.] The trial court erred to the prejudice of the defendant-appellant in denying this motion for acquittal made pursuant to Crim.R. 29(A)."

{¶11} When a defendant moves the trial court pursuant to Crim.R. 29, he or she is challenging the sufficiency of the evidence. A "sufficiency" argument raises a question of law as to whether the prosecution offered some evidence concerning each element of the charged offense. *State v. Windle,* 11th Dist. Lake No. 2010-L-0033, 2011-Ohio-4171, ¶25. "[T]he proper inquiry is, after viewing the evidence most favorably to the prosecution, whether the jury could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Troisi,* 179 Ohio App.3d 326, 2008-Ohio-6062, ¶9 (11th Dist.).

3

{¶12} In contrast, a court reviewing the manifest weight observes the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Schlee,* 11th Dist. Lake No. 93-L-082, 1994 WL 738452, *4 -*5 (Dec. 23, 1994).

{¶13} Appellant was convicted of one count of receiving stolen property, in violation of R.C. 2913.51(A), which provides:

{¶14} "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶15} Appellant was also convicted of one count of forgery, in violation of R.C. 2913.31(A)(1), which provides:

{¶16} "No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following: * * * Forge any writing of another without the other person's authority[.]"

{¶17} Appellant does not dispute that he took the checks in question and cashed them. Instead, he argues Arnie made the checks out to him, instructed him to take them, and post-dated them because he was experiencing money problems. In effect, appellant maintains Arnie gave him permission to cash the checks and, as a result, the convictions were not supported by sufficient evidence or, alternatively, were against the manifest weight of the evidence.

4

{¶18} Arnie testified he paid appellant *only* in cash. He further testified he did not authorize the checks to be taken from his checkbooks; he did not make the checks out to appellant; he did not sign the checks; and, he did not authorize appellant to cash the checks that bore his forged signature. Arnie further testified appellant had, on various occasions, access to the vehicle in which he kept the checkbooks, which gave appellant the opportunity to remove the checks. This evidence, in conjunction with appellant's admission that he cashed the checks, was sufficient for the jury to conclude, beyond a reasonable doubt, appellant committed the crimes of forgery and receiving stolen property.

{¶19} Notwithstanding this conclusion, appellant asserts Arnie's testimony that he only paid him in cash and never more than $300 at a time is not credible because the work he did justified significantly more money than this amount. Even, assuming arguendo, this is true, this does not undermine Arnie's testimony regarding the method or amounts of payment. There is nothing in the record to suggest that cash payments of up to $300, at regular intervals, would have been insufficient to cover the amount Arnie owed appellant for his work. Appellant's argument therefore does not necessarily support his position that Arnie voluntarily tendered the four checks for him to cash.

{¶20} Arnie testified he does not go by Arnaldo, his full name. He also testified he signs his name "Arnie." On the signature line, the checks are signed "Arnaldo Roddriguez." Arnie submitted his signature into evidence and the jury was able to compare his signature with the signatures on the checks. A review of the two signatures reveals Arnie's in-court signature is different from the signatures on the checks. Although appellant's version of the facts completely conflicts with Arnie's testimony, the

jury did not lose its way simply because it elected to believe Arnie over appellant. After reviewing the exhibits, as well as the testimony, we cannot conclude the evidence weighs heavily against a conviction or that a manifest miscarriage of justice has occurred. The convictions are accordingly supported by the weight of the evidence.

{¶21} Appellant's two assignments of error lack merit.

{¶22} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.